Dougan, J.
This is an action in contract in which the plaintiff, Lewis Busconi, seeks to recover thirteen thousand dollars, which he had paid as a deposit under a purchase and saleagreementbetweenhimand thedefendants.Thedefendants, Melchiono and Giordano, answered, denying that the plaintiff was entitled to return of the deposit. The defendants subsequently moved for summary judgment The plaintiff presented an affidavit in opposition to the defendants’ motion. After hearing, the court allowed the motion and granted summary judgment for the defendants.
The facts established at the motion for summary judgment are relatively straightforward. On or about April 7,1989 the parties entered into a Greater Boston Real Estate Board standard form purchase and sale agreement with an Addendum A drafted by the defendants or their agent The sale was never completed.
Defendants’ summary judgment motion asserted that no factual question existed regarding plaintiff’s Mure to comply with the terms of the purchase and sale agreement, particularly that provision of Addendum A requiring “a satisfactory home inspection... completed by 15 days.” In the event of plaintiff’s Mure to comply with this provision of the agreement the defendant/sellers had the right to retain the entire deposit placed in escrow by the plaintiff as liquidated damages.
In opposition to defendants’ motion for summary judgment, the plaintiff submitted an affidavit of Safadin Niazmand, a licensed architect in the Commonwealth of Massachusetts, who stated that he had inspected the subject property within the 15 days required by the addendum to the purchase and sale agreement and had found certain problems, including structural problems.
The only issue raised in this report is whether a genuine issue of material fact exists as to plaintiff’s compliance with the requirements set out in the purchase and sale agreement.
On a motion for summary judgment the function of the judge is somewhat similar to the function that a judge performs in ruling on a motion for a directed verdict The judge must be careful not to evaluate the relative weight or merit of the evidence before the court Attorney General v. Brown, 400 Mass. 826 ,832 (1987). The court must not grant summary judgment merely because the facts presented by the moving party appear to be more persuasive or even because it appears that the opposing party is unlikely to prevail at trial. Attorney General v. Bailey, 386 Mass. 367 (1982). The court must draw all inferences from the facts in the light most favorable to the party opponent “Atoehold... isenoughto survive amotionforsummaryjudgment” Marr Equipment Corp. v. I.T.O. Corp., 14 Mass. App. Ct. 231, 235 (1982).
In the instant case the affidavit of Mr. Niazmand raises a genuine issue of material fact to be resolved attrial. The summaryjudgmentinfavorofthedefendants is vacated and the matter is remanded for trial.